THE STATE OF OHIO, APPELLEE, *v.* HOLBERT, APPELLANT.

(No. 73-489—Decided May 1, 1974.)

114

*Mr. Harry O. Wheaton, Jr.*, city solicitor, and *Mr. William F. Morris*, for appellee.

*Mr. Alex J. Robertson*, for appellant.

STERN, J. Appellant's assignments of error in the Court of Appeals were:

"1. The township patrolman in this case was prohibited by O. R. C. Sec. 4513.39 from initiating the two charges in question against the defendant. The court erred in not dismissing the charges at the conclusion of the state's case.

"2. The court did not have jurisdiction over the person of the defendant since the defendant was never arrested for the two charges and did not submit to the court's jurisdiction. The court erred in not dismissing the charges at the conclusion of the state's case."

In overruling those assignments of error, the Court of Appeals held that appellant's claimed immunity from prosecution "could have been raised by a motion under R. C. 2937.04 and was waived by his having entered a plea of not

guilty without first having raised his objection by motion. See R. C. 2937.06.''[1]

Although we here affirm the judgment of the Court of Appeals, we disagree with that court's conclusion that R. C. 2937.06 provides the proper basis for affirming the trial court's judgment.

The only objections waived by entering a plea pursuant to R. C. 2937.06 are those which ''could be asserted against an indictment or information by motion to quash, plea in abatement, or demurrer.'' R. C. 2937.04. As we view appellant's arguments, they attack the trial court's jurisdiction over his person, and question the court's authority to

---

[1] R. C. 2937.04 and 2937.06, although superseded by the Ohio Rules of Criminal Procedure, effective July 1, 1973, were in force at the time of this action. Those sections read, as follows:

Section 2937.04. Motion for dismissal.

"If accused does not desire counsel or, having engaged counsel, appears at the end of granted continuance, he may then raise, by motion to dismiss the affidavit or complaint, any exception thereto which could be asserted against an indictment or information by motion to quash, plea in abatement, or demurrer. Such motion may be made orally and ruled upon by the court or magistrate at the time of presentation, with minute of motion and ruling made in the journal (if a court of record) or on the docket (if a court not of record) or such motion may be presented in writing and set down for argument at later time. Where the motion attacks a defect in the record by facts extrinsic thereto, proof may be offered by testimony or affidavit."

Section 2937.06. Pleas.

"After all motions are disposed of or if no motion is presented, the court or magistrate shall require the accused to plead to the charge. In cases of felony only a plea of not guilty or a written plea of guilty shall be received and if defendant declines to plead, a plea of not guilty shall be entered for him and further proceedings had as set forth in Sections 2937.09 to 2937.12, inclusive, of the Revised Code.

"In cases of misdemeanor the following pleas may be received:

"(A) Guilty;

"(B) Not guilty;

"(C) No contest;

"(D) Once in jeopardy, which includes the defenses of former conviction or former acquittal.

"Entry of any plea pursuant to this section shall constitute a waiver of any objection which could be taken advantage of by motion pursuant to Section 2937.04 of the Revised Code."

proceed in a case where no criminal charges have been lawfully preferred. Since an objection to personal jurisdiction, per se, is not generally cognizable in a motion to quash, a demurrer, or a plea in abatement, and since the absence of lawfully preferred criminal charges voids any judgment stemming therefrom, we proceed to consider the merits of appellant's propositions of law filed in this court.

-I-

Appellant asserts that "A township police officer may not stop a car for speeding or for passing in a no-passing zone on a state highway, and may not file affidavits charging such offenses in court since it is an exercise of the power to make an arrest given exclusively to the State Highway Patrol and sheriffs or their deputies by R. C. 4513.39." This proposition is only partly correct.

R. C. 4513.39 provides:

"The State Highway Patrol and sheriffs or their deputies shall exercise, to the exclusion of all other peace officers except within municipal corporations, the power to make arrests for violations, on all state highways, of Sections 4503.11, 4503.21, 4511.14 to 4511.16, inclusive, 4511.20 to 4511.24, inclusive, 4511.26 to 4511.40, inclusive, 4511.42 to 4511.48, inclusive, 4511.58, 4511.59, 4511.62 to 4511.71, inclusive, 4513.03 to 4513.13, inclusive, 4513.15 to 4513.22, inclusive, 4513.24 to 4513.34, inclusive, 4549.01, 4549.04 and 4549.07 to 4549.12, inclusive, of the Revised Code."

The first question for determination is: Does R. C. 4513.39 preclude township police officers from stopping drivers to ticket them for any offense enumerated therein, which has been committed on state highways outside of municipal corporations? We hold that it does—*but not because such action by a law enforcement officer is equivalent to an arrest*, as "arrest" has been generally defined.

Appellee maintains that the statutory words, "power to make arrests," in R. C. 4513.39 do not include mere roadside stop-and-ticket situations. We are reluctant to choose from among various judicial definitions of "arrest," and thereby come to some resolution of the general applicability of R. C. 4513.39. The better approach is to read that

statute in light of the fact that the vast majority of traffic offenses in this state involve no more direct contact with police officers than a brief, roadside confrontation. The General Assembly was aware of this when it enacted R. C. 4513.39, and has encouraged the expeditious handling of minor traffic violations since that time. Sensible and sound interpretation, therefore, compels our holding that the "power to make arrests" does include the right to stop motorists for traffic offenses.

Appellant contends further that R. C. 4513.39 absolutely prohibits township police officers from filing affidavits which charge any of the offenses enumerated in that statute. If this be true, then no prosecution was lawfully initiated against appellant, and the trial court should have dismissed the charges. See *Rogers* v. *State* (1913), 87 Ohio St. 308, 101 N. E. 143; *State* v. *Hooper* (1971), 25 Ohio St. 2d 59, 267 N. E. 2d 285; *State* v. *Zdovc* (1958), 106 Ohio App. 481, 151 N. E. 2d 672.

R. C. 2319.02 defines an affidavit as "a written declaration under oath, made without notice to the adverse party." R. C. 2935.09 authorizes, in appropriate cases, "a peace officer, or a private citizen having knowledge of the facts" to file an affidavit charging an offense in this state, and R. C. 2935.10 prescribes the subsequent procedure to be followed by the court.[2] A consideration of those sections leads us to the conclusion that the mere filing of an affidavit by a township police officer, charging a traffic offense enumerated in R. C. 4513.39, is not an exercise of the "power to make arrests."

The prosecution of appellant was, therefore, lawfully commenced, and the trial court's judgment was not void.[3]

---

[2] This process is now governed by the Ohio Rules of Criminal Procedure, effective July 1, 1973.

[3] While the township police officer in this case was permitted to file affidavits charging traffic violations, serious questions might have been raised about the propriety of basing appellant's conviction on evidence (*e. g.*, the identity of appellant) possibly obtained by virtue of the officer's stop. Appellant, however, failed to interpose any such specific objection, and thus we have no occasion to consider the matter.

118

-II-

Appellant's attack on the personal jurisdiction of the court is without merit. He appeared voluntarily to enter his plea of not guilty, and raised no objection at that time. Consequently, the court properly assumed jurisdiction over his person. *Rogers, supra*; 15A Ohio Jurisprudence 2d 400, Criminal Law, Section 379; and, generally, annotation, 96 A. L. R. 982.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE and W. BROWN, JJ., concur.

P. BROWN, J., concurs in the syllabus but dissents from the judgment.

CORRIGAN, J., dissents.

CORRIGAN, J., dissenting. It should be observed, first, that there are no unimportant cases in our court, but I would point out that this appeal is most important because our decision affects thousands of people, defendants in traffic cases, who are constantly being victimized by an illegal system of traffic law enforcement which is countenanced and indulged in by township police officers in our state. And the predominant motive in this dissembled zeal to achieve safety on the state highways seems to be to help the township exchequer by participation, under the provisions of R. C. 4513.35, in the spoils of the traffic chase.

The intrepid enforcer of Ohio's traffic laws in this case was a police officer from Marlboro Township, acting under the assumed authority of a township police district, who stopped appellant on a state route and issued to appellant uniform traffic citations requiring him to appear in the Alliance Municipal Court to answer charges of speeding (R. C. 4511.21) and improper passing in a no-passing zone (R. C. 4511.31), both offenses occurring within the township of Marlboro.

The dispute before us basically relates to the authority of a township police officer to stop an alleged traffic violator on a state highway and issue a citation to him to appear in court to answer traffic charges.

The authority of police officers to enforce violations of the Ohio traffic code on state highways outside municipal corporations is derived from R. C. 4513.39, which reads:

"The State Highway Patrol and sheriffs or their deputies shall exercise, to the exclusion of all other peace officers except within municipal corporations, the power to make arrests for violations, on all state highways, of Sections 4503.11, 4503.21, 4511.14 to 4511.16, inclusive, 4511.20 to 4511.24, inclusive, 4511.26 to 4511.40, inclusive, 4511.42 to 4511.48, inclusive, 4511.58, 4511.59, 4511.62 to 4511.71, inclusive, 4513.03 to 4513.13, inclusive, 4513.15 to 4513.22, inclusive, 4513.24 to 4513.34, inclusive, 4549.01, 4549.04, and 4549.07 to 4549.12, inclusive, of the Revised Code."

With reference to statutory construction, there are very practical reasons why we should accept, whenever possible, the meaning which a legislative enactment reveals on its face. Here, we need only to inquire what the words of the statute mean. Could the meaning of the words, "the State Highway Patrol and sheriffs or their deputies shall exercise, *to the exclusion of all other peace officers,* except within municipal corporations, the power to make arrests for traffic violations on all state highways," be more obvious? (Emphasis added.) Further, these words afford no latitude for interpretation, but clearly embrace township police officers in the exclusion from the power to make such arrests.

The statute does not merely say that the excluded law officers may not arrest, but that they may not exercise "the power to make arrests" for traffic violations. A power is never imperative, but permits the act to be done at the will of the party to whom it is given. The stopping of the driver, the arrest of the driver, the giving of a traffic citation, and the filing of an affidavit, are all exercises of the power to make an arrest. This power is conferred, exclusively, upon the State Highway Patrol and sheriffs or their

deputies. Only those two categories of law officers may stop a driver of a vehicle and either admonish the driver, give him a citation, or arrest him summarily. This is what we should hold to be the meaning of "the power to arrest." The township police officer possesses no such power.

Parenthetically, in defining terms the meaning of "arrest" should be settled in Ohio. The word "arrest" is derived from the French, "*arester*," meaning to stop or stay, and signifies the restraint of a person, depriving him of his will and liberty, and binding him to become obedient to the will of the law.

To constitute an "arrest," four requisites are involved:

1. An intention to take the person into custody;

2. Under real or pretended authority;

3. An actual or constructive seizure or detention of his person; and

4. The purpose is understood by the person arrested that he is under compulsion, to which he submits.

In this case, from the facts as disclosed by the record before us, the exercise of the power to make an arrest was illegal, from the stopping of Holbert and the serving of a summons to appear in Alliance Municipal Court to the execution and filing of affidavits in that court by the township police officer. This being true, the ensuing proceedings in Municipal Court were illegal and void, and the charges should have been dismissed and defendant discharged.

Indeed, the affidavits should never have been verified by the clerk of that court because the citations are illegal and void on their face, inasmuch as the police officer was from a township and the alleged offenses occurred on a state road outside a municipality. That, in turn, brings into question the neutrality and detachment required of the clerk of court in this situation because he is acting as a judicial officer in verifying and accepting the affidavit upon which a warrant may be issued by him. He can not be considered to be neutral and detached, since he verified and filed an affidavit void and illegal on its face. See *Shadwick* v. *Tampa* (1972), 407 U. S. 345, 32 L. Ed. 2d 783, and annotation, at page 970 thereof.

Paragraph one of the syllabus in this case seems to be a departure from the traditional purpose of a syllabus, which should state the law of the case establishing principle and doctrine as applied to the particular facts before the court. That paragraph is merely a print-out of the statute. It neither elaborates, explicates nor interprets the provisions as applied to the facts here.

Paragraph two of the syllabus is correct, as far as it goes, but it only takes into consideration the stopping of the motorist and ignores the remaining and more important facts before us in this appeal.

Finally, the judgment of affirmance of the conviction of this defendant on both charges is patently inconsistent with the syllabus and opinion of the majority. If the township police officer had no authority to stop the defendant for these alleged offenses, then each of his subsequent steps to bring appellant to the courtroom in the exercise of a power to arrest was illegal and void.

The affirmance by the Court of Appeals of the judgment of the Alliance Municipal Court, finding the defendant guilty on these two charges, should be reversed, the cases dismissed and the defendant discharged.

P. BROWN, J., concurs in the foregoing dissenting opinion.