**State v. Wates**
*[Cite as 5 AOA 288]*

*Case No. 89AP-1296*

*Franklin County, (10th)*
*Decided July 10, 1990*

Ronald J. O'Brien, City Attorney, James J. Fais, City Prosecutor, and Thomas K. Lindsey, for Appellant.

Carl T. Wolfrom, for Appellee.

BRYANT, J.

Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Municipal Court dismissing the charges brought under R.C. 4511.19(A)(1) against defendant-appellee, Norman D. Wates. According to the stipulated facts, on May 12, 1989, a uniformed Columbus police officer on duty in a marked cruiser observed the defendant driving his automobile northbound on Harrisburg Pike. Defendant went left of center two times. The Columbus police officer stopped defendant, performed field sobriety tests, and ultimately arrested defendant for violation of R.C. 4511.19(A)(1). Both parties agreed that all activity occurred outside the city of Columbus, that the arresting officer was a Columbus police officer, and that no other jurisdictions were involved in the arrest.

As a result of the foregoing, defendant filed a motion to dismiss, contending that the Columbus police officer had no jurisdiction to make an arrest outside the city of Columbus.

In considering the motion, the trial court noted:

"I will treat the motion as if it was a motion to suppress evidence, and I will sustain the motion on the grounds that he [sic] officer who made the stop and the arrest did not have the authority to make an arrest of Mr. Wates outside of the City of Columbus. And I will suppress the testimony of the officer as to anything that happened after the arrest.

"***

"*** I will dismiss the charge of OMVI that I have here on the grounds that it is filed on a uniformed traffic ticket, and only police officers are authorized to file charges using -- traffic charges using the uniformed traffic ticket.

"And since the Columbus police officer is only a police officer while he is within the City of Columbus *** the officer could not file a charge using the uniformed traffic ticket." (Tr. 4-5.)

On plaintiff's request, the court filed findings of fact and conclusions of law. Therein, relying on *Cincinnati v. Alexander* (1978), 54 Ohio St. 2d 248, the court concluded that the officer had no authority to arrest defendant outside the city of Columbus where all of the acts observed by the officer occurred outside the territorial limits of the city of Columbus.

Plaintiff appeals, and sets forth two assignments of error:

"1. The trial court erred in sustaining the motion to suppress.

"2. The trial court erred in dismissing the OMVI charge."

In the first assignment of error, the state argues that the trial court erred in sustaining defendant's motion to suppress, as the arresting officer's actions outside his territorial jurisdiction did not constitute a constitutional violation, the necessary predicate to a motion to suppress. We agree. In *State v. Aleshire* (Aug. 5, 1986), Franklin App. No. 85AP-869, unreported (1986 Opinions 2020), this court stated:

"Even though the stopping was illegal because the officer had no jurisdiction within the territory where the conduct and stopping occurred, the exclusionary rule will not be applied if the officer had a constitutional basis for stopping the motorist, a seizure within the contemplation of the Fourth Amendment to the United States Constitution, except for the fact that he was acting outside his jurisdiction. The observations of the officer of defendant's conduct was sufficient to permit the officer, within the perimeters [sic] of constitutional prohibitions against unreasonable seizures, to stop the motorist for investigation as to the cause for the apparent erratic driving, even though no offense had been committed by the motorist. ***

"***

"*** Accordingly, even though the stopping of defendant was illegal in that the Clinton Township officer acted without jurisdiction, there was no constitutional violation to which the exclusionary rule would apply." *Id.* at 2025-2026.

Applying that reasoning to the facts before us, we reach a similar conclusion. The officer observed defendant cross the center line two times, thus providing the officer with a basis to stop defendant. Further investigation revealed that defendant failed the field sobriety test. As a result, the facts indicate that the officer had probable cause to arrest defendant for violation of R.C. 4511.19(A)(1); and, indeed, neither the defendant nor the trial court suggest to the contrary. Hence, although the traffic stop was not in accordance with state law, it was constitutionally permissible. Defendant's motion to suppress was not well-taken, and properly should have been overruled. The state's first assignment of error is sustained.

In its second assignment of error, the state contends that the trial court erred in dismissing the charges due to the illegal arrest. Again, this court addressed the issue in *State v. Aleshire, supra,* wherein we indicated:

"*** Although, as we have indicated, the arrest was technically illegal under state law because the arresting officer had no jurisdiction, this does not affect the validity of a subsequently filed affidavit or complaint charging an offense but, instead, bears only upon the issue of whether the exclusionary rule should be applied to evidence obtained as a result of the illegal arrest, which applies, as we have held above, only if the arrest is constitutionally illegal. An illegal arrest does not affect the validity of a subsequently filed affidavit or complaint commencing criminal proceedings predicated upon the arrest. *State v. Holbert* (1974), 38 Ohio St. 2d 113 ***." *Id.* at 2027-2028.

Applying *Aleshire* to the facts before us, the state's second assignment of error is well-taken. The trial court's reliance on *Cincinnati v. Alexander, supra,* is misplaced, as in footnote five of that opinion, the Supreme Court stated:

"The motion of appellant filed in the trial court seeking dismissal of the charges because of the invalid arrest was without merit and properly overruled by reason of *State v. Holbert* [citation omitted] wherein it was held that although a township police officer lacked authority to arrest, a traffic prosecution was properly commenced by the filing of an affidavit charging a traffic offense. *** "

Accordingly, we sustain the state's second assignment of error.

Having sustained both assignments of error, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent herewith.

*Judgment reversed and cause remanded.*

McCORMAC and KERN, J.J., concur.

KERN, J., retired, of the Montgomery County Court of common Pleas, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.