[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 272.]

THE STATE EX REL. STROTHERS, APPELLANT, *v.* TURNER, CLERK, APPELLEE.

[Cite as *State ex rel. Strothers v. Turner*, 1997-Ohio-154.]

*Mandamus compelling client of municipal court to file affidavit of private citizen charging employee of juvenile court with offenses of theft in office and falsification—Respondent's motion for summary judgment properly granted, when.*

(No. 97-444—Submitted May 20, 1997—Decided July 23, 1997.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 71492.

————————————

{¶ 1} In June 1996, WKYC-TV in Cleveland aired an investigative report which suggested that Carmela Carter, an employee of the Cuyahoga County Juvenile Court, Home Detention Unit, had submitted false travel expense reports in connection with her employment duties. In August 1996, following an investigation, the Cuyahoga County Sheriff's Department determined that Carter had done nothing wrong. The county prosecutor's office determined that based on the foregoing investigation, there existed no probable cause to file criminal charges against Carter.

{¶ 2} In October 1996, appellant, Gerald O. Strothers, Jr., a private citizen, attempted to file an affidavit in the office of appellee, Earle B. Turner, Clerk of the Cleveland Municipal Court, charging Carter with the offenses of theft in office and falsification. The affidavit was based on the prior television investigative report. Turner refused to file the affidavit because the sheriff's investigation revealed that no probable cause existed to believe that Carter had committed the alleged offenses.

{¶ 3} Strothers then filed a complaint in the Court of Appeals for Cuyahoga County requesting that a writ of mandamus issue to compel Turner to file his affidavit. Turner filed a motion to dismiss or alternative motion for summary

judgment. The court of appeals granted Turner's motion for summary judgment and denied the writ.

{¶ 4} The cause is now before this court upon an appeal as of right.

———————————

*Gerald O. Strothers, Jr.*, *pro se*.

*Sharon Sobol Jordan*, Cleveland Director of Law, and *Renee A. Bacchus*, Assistant Director of Law, for appellee.

———————————

***Per Curiam.***

{¶ 5} Strothers asserts that he is entitled to the requested writ of mandamus pursuant to R.C. 2935.09. For the reasons that follow, we find this assertion to be meritless and affirm the judgment of the court of appeals.

{¶ 6} While R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed. *State v. Holbert* (1974), 38 Ohio St.2d 113, 117, 67 O.O.2d 111, 113, 311 N.E.2d 22, 25.

{¶ 7} R.C. 2935.10(A) provides after the filing of an R.C. 2935.09 affidavit with a judge, clerk, or magistrate charging a felony offense, "such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."

{¶ 8} Under R.C. 2935.10(A), a clerk with whom an R.C. 2935.09 affidavit charging a felony offense is filed has no duty to issue an arrest warrant if the clerk determines that the affidavit is either not filed in good faith or is not meritorious.

2

*State ex rel. Jackson v. Clerk of Courts, Columbiana Cty.* (June 8, 1995), Columbiana App. No. 94-C-75, unreported, 1995 WL 358705. Instead, under the foregoing circumstances, the clerk need only refer the matter to the prosecuting attorney. *Id.*; R.C. 2935.10(A).

{¶ 9} As the court of appeals determined, mandamus will not issue to compel a vain act. *State ex rel. Leach v. Schotten* (1995), 73 Ohio St.3d 538, 540, 653 N.E.2d 356, 358. A writ of mandamus to compel Turner to file the affidavit would constitute a vain act because the summary judgment evidence established that Turner had reason to believe that Strothers's affidavit lacked merit and that the prosecuting attorney had already determined that there existed no probable cause to believe that Carter had committed the offenses charged by Strothers. As the court of appeals noted, "the authorities responsible for prosecuting Carmela Carter for any criminal violation have determined that no probable cause exists for the filing of criminal charges." Therefore, since the filing of Strothers's affidavit would lead to neither Carter's arrest nor prosecution, the court of appeals properly concluded that Strothers is not entitled to the requested extraordinary relief in mandamus.

{¶ 10} Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————