OPINION
On September 28, 1999, a village of Plain City police officer stopped a vehicle on State Route 161 near Butler Avenue in Plain City, Madison County, Ohio. The officer had observed the vehicle's operator, defendant-appellant, David James Spartz, proceed around construction barriers and enter a section of State Route 161 that had been closed for an Ohio Department of Transportation ("ODOT") construction project. In the process, appellant ignored clearly posted "road closed" signs erected by ODOT.
The officer issued appellant a citation on the Ohio Uniform Traffic Ticket ("UTT") for driving upon a street posted as closed for repair in violation of Plain City Codified Ordinance 331.26.[1] Following a bench trial in the Madison County Municipal Court, appellant was found guilty and fined $25 and court costs.
Appellant presents two assignments of error which claim the trial court lacked jurisdiction and appellee perpetrated a fraud by improperly prosecuting appellant. For the reasons that follow, we find no error and affirm the trial court's judgment.
The judicial power of the state is vested in "such other courts inferior to the supreme court as may from time to time be established by law." Section 1, Article IV, Ohio Constitution. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. Behrle v. Beam
(1983), 6 Ohio St.3d 41, 42. Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. Id. The court specifically located in London, Ohio, is known as the Madison County Municipal Court and has jurisdiction throughout all of Madison County. R.C.1901.02(A)(6),(B). The court also has subject matter jurisdiction over the violation of any ordinance of a municipal corporation within its territory. R.C. 1901.20(A)(1).
It is clear that appellant, having been charged with violating an ordinance of a municipality located within Madison County, was subject to both the territorial and subject matter jurisdiction of the Madison County Municipal Court. Consequently, the trial court properly exercised jurisdiction over the case at bar.
Appellant also argues that Plain City Codified Ordinance 331.26 cannot be enforced against him. This argument is premised upon the assertion that the ordinance — the municipal equivalent of R.C. 4511.71 — is an administrative law created under the auspices of the Ohio Bureau of Motor Vehicles ("BMV") and can-not be enforced against appellant because the people of Ohio have never created an administrative branch of the government. Appellant adds that since he neither works for nor has a contract with the village of Plain City, there was never any jurisdiction to stop, detain, cite or try appellant.
We first note that the BMV, a bureau of the department of public safety, is administered by a registrar who is responsible for administering "the laws of the state relative to the registration of and certificates of title for motor vehicles, and the licensing of motor vehicle dealers, motor vehicle leasing dealers, distributors, and salespersons, and of motor vehicle salvage dealers, salvage motor vehicle auctions, and salvage motor vehicle pools." R.C. 4501.02(A). The power to enforce and make arrests for violations of R.C. 4511.71 and similar municipal laws is granted to law enforcement officers. See State v. Holbert
(1974), 38 Ohio St.2d 113; R.C. 4513.39(A).
Municipal corporations have the authority under their police powers to adopt and enforce within their limits such local police, sanitary and similar regulations that are not in conflict with general law. Section 3, Article XVIII, Ohio Constitution. Plain City C.O. 331.26 is not in conflict with the general law codified in R.C. 4511.71. Furthermore, Plain City police officers are authorized to stop and detain those found violating village ordinances within the corporate limits of the village. R.C.2935.03(A)(1).
Based upon the foregoing, we find that appellant was properly and lawfully stopped, cited, and tried by the trial court. Accordingly, appellee committed no "fraud" and appellant's argument is without merit.
The assignments of error are overruled and the judgment of the trial court is affirmed.
YOUNG and WALSH, JJ., concur.
[1] The ordinance is identical to R.C. 4511.71 and provides that "No person shall drive upon, along or across a street or highway, or any part thereof, which has been closed in the process of its construction, reconstruction or repair, and posted with appropriate signs by the authority having jurisdiction to close such street or highway."