{¶ 1} Appellant, the state of Ohio, appeals pursuant to Crim.R. 12(J) from the December 12, 2001 judgment entry of the Portage County Municipal Court, Kent Division. Appellee was charged with driving under the influence, in violation of R.C. 4511.19(A)(1), and traveling left of center, in violation of R.C. 4511.30. The trial court granted the motion to suppress of appellee, DeWayne L. Annis, Jr.
{¶ 2} Both parties stipulated to the following facts.[1] On April 8, 2000, Officer Delisle of the Brimfield Township Police Department was on routine patrol when he observed appellee's vehicle exit the County Kitchen Restaurant onto State Route 43. Appellee's car turned in a wide angle and went south for several feet. According to Officer Delisle, for a few seconds, appellee's tires were in the northbound lane as the car traveled south. The vehicle accelerated, and the tires crossed the centerline.
{¶ 3} Appellee's car reached the ramp of Interstate 76, and as the vehicle turned onto the ramp, Officer Delisle stated that it made a somewhat wide turn onto the ramp. Officer Delisle continued to follow appellee's auto on Interstate 76. He indicated that appellee weaved in and out of traffic, but it was unclear whether he used turn signals. The trial court noted that since the police report was not clear, it would "disregard that matter."
{¶ 4} However, the vehicle traveled onto the berm of Interstate 76 on a few occasions. The trial court explained that there were "no specifics as to where the tires were located, if they just merely hit the sidelines or if they went completely out of the roadway." At that point, Officer Delisle effectuated a stop of appellee's vehicle and issued him a citation for traveling left of center and driving under the influence.
{¶ 5} At his initial appearance on April 11, 2000, appellee entered a plea of not guilty to the charges. Appellee filed three motions to suppress. The first, which was filed on June 1, 2000, by a public defender appointed to represent appellee, alleged that: (1) there was no lawful cause to arrest or detain appellee, (2) there was no probable cause appellee had committed an offense, and (3) appellee was not properly advised of his Miranda rights. Appellee then retained counsel, and the public defender withdrew from the case. Appellee's new attorney filed two other motions to suppress. The second motion to suppress was submitted on July 17, 2000, and claimed that there was no lawful cause to stop, detain or arrest appellee. The third motion, filed on September 19, 2000, asserted that Officer Delisle did not have jurisdiction to stop appellee's vehicle and arrest him on Interstate 76.
{¶ 6} The trial court agreed with appellee and granted his motion to suppress on December 12, 2001. From this judgment, appellant timely filed a notice of appeal with this court pursuant to Crim.R. 12(J), and now advances the following as error:
 {¶ 7} "[1.] The trial court erred by granting [appellee's] motion to suppress on the basis that the stop of [his] vehicle was unreasonable.
 {¶ 8} "[2.] The trial court erred in granting the motion to suppress on the basis that [appellee's] violations were [de minimis]."
{¶ 9} Appellant's assignments of error are interrelated and will be addressed in a consolidated fashion. Under the first assignment of error, appellant posits that the trial court erred in granting appellee's motion to suppress on the basis that the stop was unreasonable pursuant to R.C. 4513.39. For its second assignment of error, appellant claims that the trial court committed error by granting appellee's motion to suppress on the basis that the violations were de minimis.
{¶ 10} R.C. 4513.39(A) states that "[t]he state highway patrol and sheriffs or their deputies shall exercise * * * the power to make arrests for violations on all state highways, of sections 4503.11, 4503.21, 4511.14
to 4511.16, 4511.20 to 4511.23, 4511.26 to 4511.40, 4511.42 to 4511.48,4511.58, 4511.59, 4511.62 to 4511.71, 4513.03 to 4513.13, 4513.15 to4513.22, 4513.24 to 4513.34, 4549.01, 4549.08 to 4549.12, and 4549.62 of the Revised Code."
{¶ 11} Furthermore, R.C. 4513.39(B) provides that:
 {¶ 12} "A member of the police force of a township police district created under section 505.48
of the Revised Code * * * shall exercise the power to make arrests for violations of those sections listed in division (A) of this section, other than sections 4513.33 and 4513.34 of the Revised Code, as follows:
 {¶ 13} "(1) If the population of the township that created the township police district served by the member's police force * * * is sixty thousand or less, the member * * * shall exercise that power on those portions of all state highways, except those highways included as part of the interstate system, as defined in section 5516.01 of the Revised Code, that are located within the township police district, in the case of a member of a township police district police force, or within the unincorporated territory of the township, in the case of a township constable[.] * * *"
{¶ 14} R.C. 4511.19(A)(1) is not listed in R.C. 4513.39(A). The Supreme Court of Ohio has construed R.C. 4513.39 to mean that "* * * a township police officer has no authority to stop motorists for any of the offenses, enumerated in that statute, which have been committed on a state highway outside municipal corporations." State v. Holbert (1974),38 Ohio St.2d 113, paragraph two of the syllabus.
{¶ 15} Moreover, the Fifth and Ninth Appellate Districts have stated that R.C. 4513.39(A) is not applicable when issuing a citation for driving under the influence of alcohol, in violation of R.C. 4511.19, since that offense is not one of the offenses listed in R.C. 4513.39(A).Newark v. Anderson (Aug. 23, 1989), 5th Dist. No. CA-3443, 1989 WL 100120, at 1; State v. Torres (Mar. 11, 1981), 9th Dist. No. 1014, 1981 WL 3900, at 1. The Twelfth Appellate District has also held that a township police officer had the authority to arrest a defendant on an interstate for driving under the influence, in violation of R.C. 4511.19.State v. Davis (June 24, 1981), 12th Dist. No. CA80-05-0046, 1981 WL 5139, at 1.
{¶ 16} In the case at hand, one of the offenses for which appellee was stopped, traveling left of center, in violation of R.C. 4511.30, comes within the enforcement activities reserved to the highway patrol and the county sheriffs pursuant to R.C. 4513.39(A). Therefore, Officer Delisle did not have the authority to issue a citation for any R.C. 4511.30
violation that may have occurred on the interstate. However, Officer Delisle observed appellee travel left of center while he was on State Route 43 in Brimfield Township, and thus, had valid grounds to stop the car. Yet, the detainment occurred outside of Officer Delisle's jurisdiction.
{¶ 17} R.C. 2935.03(D) states that a police officer of a township when outside of his jurisdiction may pursue, and without a warrant arrest an individual only if (1) the pursuit takes place within a reasonable time after the offense is committed, (2) the pursuit is initiated within the limits of the officer's jurisdiction, and (3) the offense is either a felony or a first or second degree misdemeanor [or any offense for which points are chargeable under R.C. 4507.021(G). In order to execute a proper arrest pursuant to R.C. 2935.03, a police officer that leaves his jurisdiction must observe the occurrence of an appropriately designated misdemeanor violation within his jurisdiction and must initiate the pursuit within his jurisdiction. State v. Coppock (1995),103 Ohio App.3d 405, 411.
{¶ 18} In the case at bar, Officer Delisle initially observed appellee violate a traffic law before appellee entered onto Interstate 76. The stipulated facts reveal that appellee's car turned in a wide angle, his tires were in the northbound lane as the car went south, and the tires crossed the centerline while he was on State Route 43 in Brimfield Township. As appellee's automobile turned onto the ramp of Interstate 76, it made "a somewhat wide turn." Thus, the traffic infraction for which Officer Delisle continued to pursue appellee took place in Brimfield Township, but Officer Delisle did not initiate the traffic stop until appellee traveled onto Interstate 76. Even though appellee was actually detained outside of the township limits, the initial pursuit began in the township within a reasonable time after the offense was committed. Further, the pursuit was initiated without delay. However, the third prong of the "hot pursuit exception" has not been met. The offense that appellee was initially pulled over for, R.C. 4511.30, is not a felony or a first or second degree misdemeanor; instead, it is a minor misdemeanor. R.C. 4511.99(D)(1)(a). Hence, the stop was improper pursuant to R.C. 2935.03.
{¶ 19} Appellant also argues that the exclusionary rule does not apply even if this court concludes that the arrest of appellee was in violation of R.C. 4513.39. In State v. Weideman, 94 Ohio St.3d 501, 504,2002-Ohio-1484, citing Kettering v. Hollen (1980), 64 Ohio St.2d 232,234-235, the Supreme Court of Ohio stated that "`* * * [t]he exclusionary rule has been applied by this court to violations of a constitutional nature only,' and continued, `[i]t is clear * * * that the exclusionary rule will not ordinarily be applied to evidence which is the product of police conduct violative of state law but not violative of constitutional rights.'"[2]
{¶ 20} In addition, the Supreme Court has also ruled that absent a violation of a constitutional right, the violation of a statute does not invoke the exclusionary rule. Hilliard v. Elfrink (1996),77 Ohio St.3d 155, 158. Accordingly, based on the foregoing authority, the exclusionary rule does not apply in the case at bar. Thus, pursuant to the Weideman rationale, simply because there is a statutory limit placed on township police officers' jurisdiction to arrest, does not mean that a violation of the statute is an infringement of a Fourth Amendment constitutional right.
{¶ 21} The Supreme Court further stated that "[a] balancing analysis has been used by this court in similar cases where there was a violation of state statute." Weideman at 504. Nonetheless, a violation of a state statute may rise to the level of a constitutional violation. Id. at 505.
{¶ 22} For instance, in State v. Jones (2000), 88 Ohio St.3d 430, police officers arrested a person for jaywalking, in violation of R.C.2935.26(A), which prohibits arrests for minor misdemeanors. The court applied a balancing test and stated that "the government's interests in making a full custodial arrest for a minor misdemeanor offense, absent any R.C. 2935.26 exceptions, are minimal and are outweighed by the serious intrusion upon a person's liberty and privacy that, necessarily, arises out of an arrest." Id. at 440. The Supreme Court concluded that a full custodial arrest for a minor offense was an unreasonable seizure and a constitutional violation. Jones illustrates that the violation of a state statute can also amount to a constitutional violation.
{¶ 23} Moreover, there is a two-prong test adopted by the United States Supreme Court for determining whether a governmental action violates the reasonableness requirement of the Fourth Amendment. Id. at 437, citing Wyoming v. Houghton (1999), 526 U.S. 295, 299. The first prong is to decide "whether the action was regarded as unlawful when the [Fourth] Amendment was enacted." Id. See, also, Weideman,94 Ohio St.3d at 505-506. "If, however, at the time of the Fourth Amendment's ratification there was no clear practice either allowing or forbidding the type of governmental action at issue, then its reasonableness is judged by weighing the competing interests involved." Jones at 437;Weideman at 506. Therefore, "the extent of the action's intrusion on the individual's liberty and privacy is weighed against the need for the intrusion to promote legitimate governmental interests." Jones at 437, citing Vernonia School Dist. 47J v. Acton (1995), 515 U.S. 646, 652-653.
{¶ 24} The governmental action in the case sub judice was a stop and detention. Hence, under the first prong of the reasonableness test we must determine if police officers at the common law in 1791, who were outside of their statutory jurisdiction, were permitted to stop and detain drivers of vehicles. The Supreme Court stated that there was "no such case at common law, and thus * * * there was no clear practice either allowing or forbidding the government action of stopping such a vehicle." Weideman at 506. The first prong of the reasonableness test is met.
{¶ 25} Turning to the second prong, we must balance the interests of the government in making the stop and the rights of the affected driver. The government's interest in promoting public safety by stopping and detaining a person who violates the law while operating a motor vehicle outweighs the momentary restriction of the driver's freedom.
{¶ 26} It is well settled that an officer's observation of any
traffic law violation constitutes sufficient grounds to stop the vehicle that violated the law. Dayton v. Erickson, 76 Ohio St.3d 3, 11-12,1996-Ohio-431. We have repeatedly held that where a police officer witnesses a minor traffic violation, he is justified in initiating a limited stop for the purpose of issuing a citation. State v. Jennings
(Mar. 3, 2000), 11th Dist. No. 98-T-0196, 2000 WL 263741, at 3, quotingState v. Yemma (Aug. 9, 1996), 11th Dist. No. 95-P-0156. The officer may then proceed to investigate the detainee for driving under the influence if he has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts. Id.
{¶ 27} Here, Officer Delisle observed appellee's car turn in a wide angle, his tires were in the northbound lane as the car traveled south, and the tires crossed the centerline. This court has held that a vehicle that crossed over the double-yellow lane divider lines with both driver's side tires twice constituted a violation of R.C. 4511.25, driving left of center; therefore, giving the officer probable cause to initiate a traffic stop. Madison Twp. v. Moore (May 26, 2000), 11th Dist. No. 99-L-096, 2000 WL 688790, at 3. See, also, Eastlake v. Huffman
(Feb. 6, 1998), 11th Dist. No. 95-L-086, 1998 WL 172824, at 2 ("Both the Supreme Court of Ohio and this court have held that a minor violation of a traffic regulation observed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation.")
{¶ 28} Furthermore, other districts in the state have also held similarly. In State v. Owen (Oct. 19, 1998), 12th Dist. No. CA97-12-229, 1998 WL 729204, the Twelfth Appellate District determined that an officer was justified in executing a traffic stop on a wide left turn. The Twelfth District also stated that an "officer clearly had probable cause to initiate a traffic stop when appellant committed a traffic violation by driving left of center." State v. Terrell (Oct. 23, 2000), 12th Dist. No. CA99-07-020, 2000 WL 1591147, at 2; See, e.g., R.C. 4511.25 and4511.30.
{¶ 29} Moreover, in State v. Strassman (Nov. 20, 1998), 4th Dist. No. 98 CA 10, 1998 WL 833592, at 5, the Fourth Appellate District concluded that the defendant's crossing the yellow center line on two separate occasions was a violation of law and provided the reasonable suspicion necessary to effectuate an investigative stop. In addition, the Tenth Appellate District stated in State v. Kuno (Nov. 6, 1997), 10th Dist. No. 97APC04-497, 1997 WL 703401, at 3, that:
 {¶ 30} "[W]hen a police officer observes a vehicle driving left of the centerline, that officer has witnessed what appears to be a violation of the law. As such, an officer would have a reasonable, articulable suspicion that a violation had occurred, i.e., that the driver improperly drove left of center, and would be in a position to stop that vehicle."
{¶ 31} Based on the foregoing cases, Officer Delisle had probable cause to initiate a traffic stop because of the manner in which appellee was operating his motor vehicle. Consequently, the state's interest in protecting the public from a driver who operates his automobile in a manner that endangers other drivers outweighs a defendant's right to drive unhindered. Weideman at 506. Here, even though Office Delisle violated a statute, the violation did not rise to the level of a constitutional violation because the detention of appellee under the circumstances presented did not violate his Fourth Amendment rights. Hence, the trial court was not required to suppress evidence obtained as a result of the stop and detention. Accordingly, the trial court improperly granted appellee's motion to suppress.
{¶ 32} For the foregoing reasons, appellant's assignments of error are sustained. The judgment of the Portage County Municipal Court, Kent Division, is reversed, and the matter is remanded for further proceedings consistent with this opinion.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] These facts were ascertained from the trial court's December 12, 2001 judgment entry. At the hearing on the motion to suppress, the parties agreed that no verbal testimony would be taken. Instead, a portion of Officer Delisle's police report was offered and considered the sole evidence in the matter.
[2] We would note that neither the trial court nor counsel had the benefit of the Weideman case decided by the Supreme Court on April 3, 2002.