DECISION AND JUDGMENT ENTRY
{¶ 1} Lawrence Black ("Appellant") appeals the dismissal of his petition for a writ of habeas corpus. Appellant generally contends that the Ross County Court of Common Pleas erred in dismissing his petition for a writ of habeas corpus. He argues that the Stark County Court of Common Pleas, the court in which he was originally tried, lacked personal jurisdiction over him because he did not receive proper service of process, rendering the sentence he received void. Thus, he contends, he is being held unlawfully. Because we find that the Stark County Court of Common Pleas had personal jurisdiction over Appellant, we affirm the judgment of the Ross County Court of Common pleas dismissing Appellant's habeas petition.
 {¶ 2} Appellant was arrested on February 19, 1999 on the charge of rape. Bond was set at $250,000.000; however, Appellant could not post bond, so he remained in custody. On February 22, 1999, Appellant's victim signed formal complaints against him for the criminal offenses of rape and domestic violence. A preliminary hearing was held on February 26, 1999, in the Alliance Municipal Court. As a result of the hearing, Appellant was bound over to the grand jury.
 {¶ 3} Appellant was indicted by the January 1999 Term of the Stark County grand jury on one count of rape in violation of R.C.2907.02 and one count of domestic violence in violation of R.C.2919.25(A). The matter was assigned criminal case number 1999CR0222. On May 7, 1999, a jury found Appellant guilty of the offenses for which he was indicted. On May 14, 1999, Appellant was sentenced to a prison term of nine years for his rape conviction and a term of six months for his domestic violence conviction. The terms were to be served concurrently. Appellant was also determined to be a sexually oriented offender.
 {¶ 4} Appellant is currently serving his sentence in the custody of the Ross Correctional Institution. On June 21, 2005, Appellant filed a pro se habeas corpus petition in the Ross County Court of Common Pleas. He alleged that the Stark County Court of Common Pleas, in case number 1999CR0222, lacked personal jurisdiction over him because he did not receive proper service of process, rendering the sentence he received void. This was the sole ground for relief stated in Appellant's petition. On July 26, 2005, Appellee filed a motion to dismiss Appellant's petition. On September 16, 2005, the Ross County Court of Common Pleas granted Appellee's motion to dismiss Appellant's habeas petition. Appellant now appeals, arguing that his sentence is void because he never received proper service of process, along with two additional assignments of error.
 {¶ 5} In his first assignment of error, Appellant contends that neither the Stark County Prosecutor nor the Stark County Court of Common Pleas initiated the proper procedures in order to perfect proper service on him. However, a docket of Stark County case number 1999CR0222 shows that on March 1, 1999, the indictment was returned as served to Appellant on February 26, 1999. Further, page two of the indictment itself demonstrates that a Deputy from the Stark County Sheriff's Office personally served Appellant with the indictment on February 26, 1999. Therefore, the record reflects that service on Appellant was properly effectuated in this case.
 {¶ 6} Additionally, in State v. Holbert (1974),38 Ohio St.2d 113, 311 N.E.2d 22, the Supreme Court of Ohio held that an attack on the personal jurisdiction of a court of common pleas is without merit if the accused appeared voluntarily to enter a plea of not guilty and did not raise the issue of personal jurisdiction at that time. In the case sub judice, a notation from the Stark County Clerk's Office entered on the docket shows that Appellant appeared in court with his appointed counsel on March 5, 1999, and entered a plea of not guilty to all charges. Appellant did not raise any jurisdictional issues at that time. Therefore, Appellant's present attack on the personal jurisdiction of the Stark County Court of Common Pleas, and thus, the substance of the sentence issued to him, is without merit.
 {¶ 7} In his second assignment of error, Appellant argues that Appellee violated R.C. 2725.22. Appellant did not raise this issue below. Because Appellant failed to raise this issue below, it is not properly before us. It is well-settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal. SeeState v. Dunlap, Franklin App. No. 05AP-260, 2005-Ohio-6754, at ¶ 7. Therefore, Appellant's second assignment of error is overruled.
 {¶ 8} In his third assignment of error, Appellant contends that the Ross County Court of Common Pleas violated his due process rights by enforcing a void judgment, i.e., the judgment handed down by the Stark County Court of Common Pleas in case number 1999CR0222. As discussed supra, service was properly effectuated in that case; therefore, the Stark County Court of Common Pleas had personal jurisdiction over Appellant. Because jurisdiction was proper, Appellant's argument that the Stark County Court of Common Pleas' judgment is void has no merit. Therefore, Appellant's third assignment of error is overruled.
 {¶ 9} Because we find that Appellant's assigned errors are not meritorious, we accordingly affirm the judgment of Ross County Court of Common Pleas dismissing Appellant's habeas corpus petition.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.