[Cite as *Bender v. Haynes*, 2011-Ohio-6769.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

ERIC D. BENDER, Administrator of the Estate of Al-Shakiel Ford, Deceased,

    Plaintiff-Appellant,

  vs.

YVONNE HAYNES,

    Defendant-Appellee.

:    APPEAL NO. C-100802
:    TRIAL NO. 2009004327
:
:    *O P I N I O N.*
:
:
:
:
:

Civil Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 30, 2011

*Eric D. Bender*, for Plaintiff-Appellant,

Yvonne Haynes, pro se.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN**, **Presiding Judge.**

{¶1}    Plaintiff-appellant Eric D. Bender, Administrator of the Estate of Al-Shakiel Ford, deceased, appeals from the trial court's entry sustaining defendant-appellee Yvonne Haynes's objection to a magistrate's decision and dismissing the estate's amended complaint for concealed assets pursuant to R.C. 2109.50. Haynes has not filed a brief.

{¶2}    Bender raises a single assignment of error in which he argues that the trial court erred in dismissing the estate's amended complaint for concealed assets for lack of personal jurisdiction. Because Haynes personally appeared before the magistrate, answered the allegations in the complaint, and subsequently appeared at a trial before a magistrate, where she questioned witnesses and defended against the merits of the estate's claim, we conclude that Haynes voluntarily submitted to the probate court's jurisdiction and, thus, waived any challenge to the court's personal jurisdiction. We, therefore, sustain the administrator's sole assignment of error, reverse the trial court's judgment, and remand this case for further proceedings consistent with this opinion and the law.

### I.    The Estate's Concealed-Assets Claim

{¶3}    In October 2009, Helen Francois Bean, the initial administrator of the estate of Al-Shakiel Ford, filed a complaint in the Hamilton County Probate Court against Haynes, who was the decedent's mother, and three other individuals: Tiffany Wilson, Clarence Royce, and Tony White. The complaint, brought pursuant to R.C. 2109.50, alleged that the defendants had concealed assets from Ford's estate. Bean filed an amended complaint in November 2009, but she died before the probate

court could hold a hearing on the matter. As a result, the probate court appointed Bender as the administrator of Ford's estate.

{¶4}  The complaint and amended complaint alleged that Ford, a known drug dealer, had established a one-person limited liability company, IMB LLC, to assist him in his business pursuits, legal or otherwise. Ford had died in May 2009 at University Hospital, a few weeks after a motorcycle accident. The complaint charged that, on the day Ford died, Haynes, who was an authorized signer on three IMB bank accounts, had removed nearly $70,000 from the three accounts and had refused to turn this money over to Ford's estate. The complaint further alleged that Haynes had taken possession of vehicles and personal property belonging to Ford and had refused to turn them over to his estate.

{¶5}  A Hamilton County Deputy Sheriff attempted to personally serve Haynes on three separate occasions with a copy of a citation, the complaint, and the amended complaint, but all three attempts were unsuccessful. A service return dated November 4, 2009, stated that a deputy sheriff had been unable to personally serve Haynes. It contained the following notation under officer's notes: "She called around 3:45 p.m., not enough time to go back out and serve her, however, she was given the court date, time, and location and phone number to probate court. She stated she would call and that she may not be able to make it because her husband has to go to the doctor to get chemo treatments." A service return dated November 19, 2009, stated that a deputy sheriff had attempted to personally serve Haynes with a copy of the amended complaint, but that he had been unable to do so.

{¶6}  Despite this lack of service, Haynes, nonetheless, appeared pro se before a magistrate on November 24, 2009. The magistrate read the allegations in the amended complaint to Haynes and interrogated her. Haynes admitted some of

the allegations and denied others. The magistrate subsequently journalized a scheduling order, which provided, in pertinent part, as follows: "Yvonne Haynes admits that she is in possession of the motorcycle, Decedent's furniture, and personal items that had been delivered to her by Mr. Royce. She admits that there was a bank account at National City Bank in the name of IMB, LLC. She admits that she did try to access that account upon her son's death, but was informed by the financial institution that she was not entitled to the funds as her name was not on the account. Mrs. Haynes admits that she did obtain other funds from National City Bank upon her son's death, but claims that her name was on the account(s). She does not know if she was listed on the account(s) as a beneficiary or a joint owner. She does not know if the decedent was listed as an owner on the accounts which were delivered to her. She denies concealing the Range Rover. She said she purchased that vehicle and it is titled in her name." The magistrate then set forth, pursuant to Civ.R. 53 and Civ.R. 16, discovery deadlines and a trial date.

{¶7} Haynes subsequently appeared pro se at all the scheduling conferences and at a two-day trial of the matter, where she examined witnesses, testifed, and gave a closing statement. A magistrate found Haynes and Wilson guilty of concealing assets, and rendered judgment against both women.[1] Wilson did not contest the magistrate's decision.

{¶8} Haynes, however, hired legal counsel, and filed three objections to the magistrate's decision: (1) the magistrate lacked personal jurisdiction over her when it entered the order finding she had concealed assets from Ford's estate, because she had never been served with a copy of the complaint or amended complaint; (2) she

---

[1] During the pendency of the proceedings, the estate dismissed its claims against Royce and White.

4

was authorized by the bank to withdraw funds from the IMB account; and (3) the estate was not the real party in interest because the money in the IMB account belonged to IMB, LLC.

{¶9} Following a hearing, the probate court sustained Haynes's first objection and dismissed the estate's amended complaint for concealed assets based upon its failure to perfect service of process on Haynes. The administrator of Ford's estate now appeals.

### *II. Personal Jurisdiction in a Concealed-Assets Case*

{¶10} In a single assignment of error, the administrator argues that the trial court "erred in overruling the magistrate's decision and dismissing its amended complaint for concealed assets against [Haynes] based on the failure of service of process." We agree.

{¶11} A proceeding for the discovery of concealed assets of an estate, brought under R.C. 2109.50, "is a special [statutory] proceeding of a summary, inquisitorial character whose purpose is to facilitate the administration of estates by summarily retrieving assets that rightfully belong there." *State ex rel. Goldberg v. Maloney*, 111 Ohio St.3d 211, 2006-Ohio-5485, 855 N.E.2d 856, ¶23. It is "not a proceeding between two or more parties as is the ordinary civil action with pleadings in the form of a petition, answer, and reply; it is rather an inquest or inquiry into the conduct of the 'suspected person.' " *In re Estate of Fife* (1956), 164 Ohio St. 449, 454, 132 N.E.2d 185.

{¶12} R.C. 2109.50 expressly provides that upon the filing of a complaint, the probate court "shall by citation, attachment, or warrant, or if circumstances require it, by warrant or attachment in the first instance, compel the person or persons [suspected of having concealed or embezzled assets] to appear before it to be

examined on oath touching the subject matter of the complaint * * *."[2] See *Maloney* at 163; see also, *Fife* at paragraph three of the syllabus.

{¶13} Consequently, no pleading other than a complaint is necessary to bring the issue to the court. See *Fife* at 454; *Cutler v. Henke* (Sept. 30, 1981), 1st Dist. Nos. C-800377, C-800476, and C-800477. Once a complaint is filed, the statute then requires the probate court to procure the presence of anyone against whom the complaint of concealment is brought and then to proceed to determine whether the person is guilty. See R.C. 2109.50 and 2109.52. Because a finding of "guilty" or "not guilty," along with the imposition of a penalty upon a finding of guilty, is required under R.C. 2109.52, the proceeding has been termed "quasi criminal in nature." *Fife* at paragraph one of the syllabus; *Cutler*, supra.

{¶14} In this case, the probate court dismissed the estate's amended complaint against Haynes for lack of personal jurisdiction, because she had not been served with a copy of the complaint or amended complaint in accordance with the Rules of Civil Procedure. The estate argues that because proceedings under R.C. 2109.50 are quasi criminal, the Rules of Civil Procedure do not apply. But we need not reach this issue to decide whether to sustain the estate's assignment of error.

{¶15} Regardless of whether the Rules of Civil Procedure or the Rules of Criminal Procedure apply to proceedings under R.C. 2109.50, Haynes waived any argument that the probate court lacked personal jurisdiction over her by voluntarily appearing, answering the allegations of the amended complaint, and then participating in a trial of the proceedings. See *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (holding that in the absence of proper service of

---

[2] R.C. 2109.50 was recently amended by 2011 SB No. 124. The amendment, which deletes the requirement of service by warrant or attachment, applies to the estates of decedents who die on or after October 11, 2011.

process, personal jurisdiction may still be obtained through the voluntary appearance of a party); see, also, *State v. Holbert* (1974), 38 Ohio St.2d 113, 117, 311 N.E.2d 22 (holding that a defendant's attack on the personal jurisdiction of the trial court was "without merit" where he voluntarily appeared to enter his plea of not guilty and raised no objection at that time).

{¶16}  Here, Haynes personally appeared before a magistrate in the probate court. The magistrate read the allegations of the amended complaint to Haynes and interrogated her as required by the plain language of R.C. 2109.50.  Furthermore, Haynes appeared at all proceedings in the matter, including the trial, where she argued the merits of her position before the magistrate.  At no point during these proceedings did she argue that the probate court lacked personal jurisdiction over her.  Because Haynes had both notice of the allegations in the amended complaint against her and the opportunity to answer those allegations and to defend against them on the merits, she voluntary waived any challenge to the court's personal jurisdiction over her.   As a result, we sustain the administrator's sole assignment of error, reverse the trial court's decision, and remand this cause for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**HENDON** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.