[THE STATE EX REL.] EVANS, APPELLANT, *v.* COLUMBUS DEPARTMENT OF LAW ET AL., APPELLEES.

[Cite as *State ex rel. Evans v. Columbus Dept. of Law* (1998), 83 Ohio St.3d 174.]

(No. 98–462—Submitted July 8, 1998—Decided September 23, 1998.)

*Clarence R. Evans, pro se.*

*Janet E. Jackson,* Columbus City Attorney, and *Patricia A. Delaney,* Assistant City Attorney, for appellees.

---

**Per Curiam.** Evans asserts that he is entitled to the requested writ of mandamus pursuant to R.C. 2935.09. For the reasons that follow, we find this contention to be meritless and affirm the judgment of the court of appeals.

First, as the court of appeals correctly held, R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit. Although R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of a person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed. *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 273, 680 N.E.2d 1238, 1239. R.C. 2935.10 does not place any duty upon city prosecutors to prosecute misdemeanors charged by affidavit filed under R.C. 2935.09.

In addition, a prosecuting attorney will not be compelled to prosecute except when the failure to do so constitutes an abuse of discretion. *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 27, 661 N.E.2d 180, 184. Evans did not allege sufficient facts in his complaint evidencing that the city prosecutor abused her discretion by determining that the charges lacked probable cause. See *State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 47, 516 N.E.2d 234, 235, affirming the dismissal of a similar mandamus claim.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.