THE STATE EX REL. BOYLEN, APPELLANT, *v.*
HARMON, CLERK, ET AL., APPELLEES.

[Cite as *State ex rel. Boylen v. Harmon,*
107 Ohio St.3d 370, 2006-Ohio-7.]

(No. 2005–1251—Submitted November 9, 2005—Decided January 11, 2006.)

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of mandamus to compel the Clerk of the Canton Municipal Court to file an inmate's affidavits that were presented pursuant to R.C. 2935.09 and to conduct subsequent proceedings on the affidavits in accordance with R.C. 2935.10.

{¶ 2} In August 1999, appellant, prison inmate Adam Douglas Boylen, was convicted of 17 counts of aggravated robbery and one count of grand theft of a

motor vehicle and sentenced to an aggregate prison term of 50 years and five months.

{¶ 3} In March 2005, Boylen drafted and attempted to file seven affidavits with appellees, the clerk and assistant clerk of the Canton Municipal Court (collectively, "clerk"). In the affidavits, Boylen charged various persons, including law enforcement officers, with various crimes. The clerk refused to file the affidavits.

{¶ 4} In April 2005, Boylen filed a petition in the Court of Appeals for Stark County. Boylen requested a writ of mandamus to compel the clerk to file the affidavits pursuant to R.C. 2935.09. The court of appeals granted a writ of mandamus to compel the clerk to accept for filing Boylen's affidavits under R.C. 2935.09, but further held that subsequent proceedings would be in accordance with R.C. 2935.10, which did not require prosecution of the crimes charged in the affidavits.

{¶ 5} In his appeal as of right, Boylen asserts that the court erred in holding that R.C. 2935.10 governs the subsequent procedure relating to his affidavits.

{¶ 6} Boylen's claim lacks merit. As we have consistently held, "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." *State ex rel. Evans v. Columbus Dept. of Law* (1998), 83 Ohio St.3d 174, 175, 699 N.E.2d 60. "While R.C. 2935.09 provides that a 'private citizen having knowledge of the facts' shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read *in pari materia* with R.C. 2935.10, which prescribes the subsequent procedure to be followed." *State ex rel. Strothers v. Turner* (1997), 79 Ohio St.3d 272, 273, 680 N.E.2d 1238, citing *State v. Holbert* (1974), 38 Ohio St.2d 113, 117, 67 O.O.2d 111, 311 N.E.2d 22.

{¶ 7} Under R.C. 2935.10(A), if the affidavit filed under R.C. 2935.09 charges a felony, the judge, clerk, or magistrate with whom the affidavit is filed must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate "has reason to believe that it was not filed in good faith, or the claim is not meritorious." "[O]therwise, he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant." R.C. 2935.10(A). Boylen's affidavits charge various felonies, so R.C. 2935.10(A) requires the clerk to follow the specified procedure.

{¶ 8} Boylen claims, however, that Crim.R. 4(A) governs the procedure after filing of affidavits under R.C. 2935.09 because Crim.R. 4(A) supersedes R.C. 2935.10. It is true that "[w]here a conflict arises between a rule and a statute, the rule will control the statute on matters of procedure." *State v. Slatter* (1981), 66 Ohio St.2d 452, 454, 20 O.O.3d 383, 423 N.E.2d 100; *Fraiberg v. Cuyahoga*

*Cty. Court of Common Pleas, Domestic Relations Div.* (1996), 76 Ohio St.3d 374, 376, 667 N.E.2d 1189; Section 5(B), Article IV, Ohio Constitution.

{¶ 9} But Crim.R. 4(A) specifies only that "[i]f it appears from the complaint, *or from an affidavit or affidavits filed with the complaint,* that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it." (Emphasis added.)

{¶ 10} There is no conflict here between R.C. 2935.10 and Crim.R. 4(A). Crim.R. 4(A) applies when affidavits are filed with a valid criminal complaint under Crim.R. 3. R.C. 2935.10 governs the procedure when only affidavits have been filed under R.C. 2935.09. Boylen's affidavits did not accompany a valid criminal complaint.

{¶ 11} Therefore, the court of appeals did not err in holding that after the clerk accepts Boylen's affidavits for filing as required by R.C. 2935.09, subsequent proceedings will proceed pursuant to R.C. 2935.10. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Adam Douglas Boylen, pro se.