OPINION
{¶ 1} Appellant Adam Douglas Boylen appeals from the dismissal of affidavits charging felony offenses, filed by appellant pursuant to R.C. 2935.09. The State of Ohio is the appellee.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In August, 1999, appellant Adam Douglas Boylen pleaded guilty to 17 counts of aggravated robbery and one count of grand theft of a motor vehicle. Appellant was sentenced to an aggregate prison term of 50 years and five months.
 {¶ 3} In March, 2005, appellant attempted to file seven affidavits with the Canton Municipal Court ("Clerk"). In the affidavits, appellant charged various persons, including law enforcement officers, with various felonious offenses. The clerk refused to file the affidavits.
 {¶ 4} In April, 2005, appellant filed a petition in this court. Appellant requested a writ of mandamus to compel the clerk to file the affidavits pursuant to R.C. 2935.09. This court granted a writ of mandamus to compel the clerk to accept for filing Boylen's affidavits under R.C. 2935.09, but further held that subsequent proceedings would be in accordance with R.C.2935.10.
 {¶ 5} Appellant appealed to the Ohio Supreme Court. Upon consideration of appellant's appeal, the Supreme Court ruled that this court did not err when it held that after the clerk accepted appellant's affidavits for filing as required by R.C. 2935.09, subsequent proceedings would proceed pursuant to R.C. 2935.10.State ex rel. Boylen v. Harmon, 107 Ohio St.3d 370,2006-Ohio-7, 839 N.E.2d 934.
 {¶ 6} Meanwhile, a hearing on the affidavits was held in the Canton Municipal Court, on June 9, 2005. Appellant who remained incarcerated, was not present at the hearing.
 {¶ 7} Following the hearing, the trial court issued a Judgment Entry in which the trial court found "no probable cause that any crimes were committed as alleged in the attached affidavits." June 9, 2005, Judgment Entry.
 {¶ 8} On June 15, 2005, appellant filed an objection based upon the trial court's failure to have him transported from prison to the hearing. That same day, June 15, 2005, the trial court issued a Judgment Entry which overruled appellant's objection.
 {¶ 9} It is from the June 9, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 10} "I. THE LOWER COURT ABUSED ITS DISCRETION BY DISMISSING THE AFFIDAVIT'S [SIC] FILED BY APPELLANT.
 {¶ 11} "II. THE LOWER COURT ERRED WHEN IT FAILED TO REQUIRE COMPLAINANT TO APPEAR PERSONALLY AT THE LOWER COURT'S SCHEDULED HEARING FOR DETERMINING PROBABLE CAUSE.
 {¶ 12} "III. THE LOWER COURT ERRED BY ALLOWING THE CITY PROSECUTOR'S DIRECT RECOMMENDATIONS TO IMPEDE THE LOWER COURT'S DETERMINATION OF PROBABLE CAUSE."
 I {¶ 13} In the first assignment of error, appellant argues that the trial court abused its discretion when it dismissed appellant's affidavits, filed pursuant to R.C. 2935.09. Revised Code 2935.09 provides for the initiation of a criminal action by a private citizen. Revised Code 2935.09 states as follows: "In all cases not provided by sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney."
 {¶ 14} When such affidavit is filed and it is not accompanied by a valid criminal complaint, subsequent proceedings are to proceed pursuant to R.C. 2935.10. See State ex rel. Boylen,107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 10 and R.C.2935.10. Revised Code 2935.10 states as follows, in relevant part:
{¶ 15} "(A) Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."
 {¶ 16} The Ohio Supreme Court has consistently held that "R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit." State ex rel. Evans v. Columbus Dept. ofLaw (1998), 83 Ohio St.3d 174, 175, 699 N.E.2d 60. "While R.C.2935.09 provides that a `private citizen having knowledge of the facts' shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read inpari materia with R.C. 2935.10, which prescribes the subsequent procedure to be followed." Boylen, supra; State ex rel.Strothers v. Turner (1997), 79 Ohio St.3d 272, 273,680 N.E.2d 1238, (citing State v. Holbert (1974), 38 Ohio St.2d 113,311 N.E.2d 22).
 {¶ 17} Under R.C. 2935.10(A), if the affidavit filed under R.C. 2935.09 charges a felony, as in this case, the judge, clerk, or magistrate with whom the affidavit is filed must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate "has reason to believe that it was not filed in good faith, or the claim is not meritorious." Otherwise, the matter shall be referred to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant. R.C. 2935.10(A); Boylen, supra at ¶ 7.
 {¶ 18} In appellant's previous appeal to the Ohio Supreme Court, the Court specifically found that in appellant's case, "subsequent proceedings [would] proceed pursuant to R.C. 2935.10." Boylen, supra at ¶ 11. In so doing, the Court rejected appellant's contention that this matter should proceed pursuant to Crim. R. 4(A).[1]
 {¶ 19} However, on appeal, appellant continues to assert that this matter should be reviewed pursuant to the mandates of Crim. R. 4(A). Likewise, appellee addresses this issue pursuant to Crim. R. 4(A) and the trial court decided this matter using the probable cause standard which is a Crim. R. 4(A) concept.
 {¶ 20} The Boylen decision states: "Crim. R. 4(A) applies when affidavits are filed with a valid criminal complaint under Crim. R. 3. Revised Code 2935.10 governs the procedure when only affidavits have been filed under R.C. 2935.09. Boylen's affidavits did not accompany a valid criminal complaint."Boylen, supra at ¶ 9.
 {¶ 21} Admittedly, the trial court proceedings and the briefs in this appeal were filed prior to the Supreme Court decision which affirmed the writ issued by this court. However, R.C.2935.10 and the Boylen decision issued by the Ohio Supreme Court establish a requirement that a trial court issue a warrant unless it finds that it "has reason to believe that it [the affidavit] was not filed in good faith, or the claim is not meritorious." R.C. 2035.10(A); Boylen, supra, at ¶ 7. If those findings are made, the trial court is to refer the matter to the prosecutor's office for investigation.
 {¶ 22} Accordingly, because the trial court decided this matter using the wrong criteria and process, we reverse the trial court's finding and remand this matter for consideration of the affidavits in accordance with R.C. 2935.10 and Boylen, supra. Appellant's first assignment of error is sustained.
 II, III {¶ 23} Pursuant to this Court's holding in assignment of error I, appellant's second and third assignments of error are moot.
 {¶ 24} The judgment of the Canton Municipal court is reversed and this matter is remanded for further proceedings.
Edwards, J., Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Canton Municipal Court is reversed and remanded for further proceedings. Costs assessed to appellee.
[1] "(1) Upon complaint. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it. . . ."