[Cite as *In re Charging Affidavit of Demis*, 2013-Ohio-5520.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE:

CHARGING AFFIDAVIT

OF LOUIS DEMIS

JUDGES:
Hon. Sheila G. Farmer, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2013 CA 00098

O P I N I O N


CHARACTER OF PROCEEDING: Civil Appeal from the Canton Municipal Court, Case No. 2013 CRF 110


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: December 16, 2013


APPEARANCES:

For Appellant Demis

CRAIG T. CONLEY
604 Huntington Plaza
220 Market Avenue South
Canton, Ohio 44702

For Appellee City

CRAIG J. MORGAN
ASSISTANT PROSECUTOR
217 South High Street, Suite 203
Akron, Ohio 44308

*Wise, J.*

{¶1} Affiant Louis Demis appeals the decision of the Canton Municipal Court finding no probable cause to bring criminal charges in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶2} In December, 2012, Judge Forchione presided over *State v. Studer,* Stark County Common Pleas Case No: 2012 CR 1790. In that case, Judge Forchione ordered the Defendant (Scott Studer) to pay a fine of $5,000.00 to be forwarded to "the victims of the Newtown, Connecticut tragedy."

{¶3} On February 1, 2013, a civil complaint was filed in the Stark County Court of Common Pleas, alleging that the $5,000.00 fine was the property of the Stark County Treasury and could not be forwarded to the fund representing the victims in Newtown, Connecticut.

{¶4} On February 4, 2013, Judge Forchione requested the return of the $5,000.00.

{¶5} On February 6, 2013, pursuant to Judge Forchione's request, the fund returned the money to the Stark County Clerk of Courts.

{¶1} On February 28, 2013, Louis Demis filed a complaint and affidavit with the Canton Municipal Court requesting criminal charges for a violation of R.C. §2921.41, Theft in Office, a felony of the fourth degree. Demis' complaint arose from allegations that the named Defendant, Francis Forchione, a Judge for the Stark County Court of Common Pleas, unlawfully exerted control over property belonging to Stark County. Ohio.

{¶2} Pursuant to R.C. §2935.10(A), Demis' complaint and affidavit was scheduled for a probable cause hearing. To avoid any potential conflicts, a visiting Judge, Judge Michael J. McNulty, retired from the Barberton Municipal Court, was appointed to conduct the probable cause hearing. Craig Morgan, Deputy Chief of the City of Akron Prosecutor's Office and Counsel for Appellee, was appointed special prosecutor and referred the affidavit for investigation.

{¶3} The probable cause hearing was held on April 23, 2013. Demis failed to appear at the hearing. As a result, neither he nor Attorney Craig Conley, Counsel for Appellant, were capable of offering any testimony to support a finding of probable cause. Although no witnesses were called, Counsel for Appellant offered two certified copies of journal entries into evidence as exhibits. The trial court heard arguments of counsel.

{¶4} Based upon the information presented at the hearing and the prosecutor's recommendation that there was insufficient evidence to support a criminal offense, the trial court filed a judgment entry on April 23, 2013, declining to find probable cause. The trial court found that the affidavit was not filed in good faith and that the claims made in Demis' felony allegation were not meritorious.

{¶5} Appellant Louis Demis now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶1} "THE TRIAL COURT ERRED IN FINDING NO PROBABLE CAUSE TO SUPPORT CRIMINAL CHARGES AGAINST FRANCIS FORCHIONE."

I.

{¶2} In his sole Assignment of Error, Affiant Louis Demis argues that the trial court erred in finding no probable cause in this matter. We disagree.

{¶3} R.C. §2935.09 governs accusation by affidavit to cause arrest or prosecution. Subsection (D) states the following:

{¶4} "A private citizen having knowledge of the facts who seeks to cause an arrest or prosecution under this section may file an affidavit charging the offense committed with a reviewing official for the purpose of review to determine if a complaint should be filed by the prosecuting attorney or attorney charged by law with the prosecution of offenses in the court or before the magistrate. A private citizen may file an affidavit charging the offense committed with the clerk of a court of record before or after the normal business hours of the reviewing officials if the clerk's office is open at those times. A clerk who receives an affidavit before or after the normal business hours of the reviewing officials shall forward it to a reviewing official when the reviewing official's normal business hours resume."

{¶5} R.C. §2935.10 governs procedures upon filing of affidavit or complaint. Subsection (A) states the following:

{¶6} "Upon the filing of an affidavit or complaint as provided by section 2935.09 of the Revised Code, if it charges the commission of a felony, such judge, clerk, or magistrate, unless he has reason to believe that it was not filed in good faith, or the claim is not meritorious, shall forthwith issue a warrant for the arrest of the person charged in the affidavit, and directed to a peace officer; otherwise he shall forthwith

refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant."

{¶7}  In *State ex rel. Boylen v. Harmon,* 107 Ohio St.3d 370, 839 N.E.2d 934, 2006-Ohio-7, ¶ 6-7, the Supreme Court of Ohio explained the required procedures as follows:

{¶8}  "Boylen's claim lacks merit. As we have consistently held, 'R.C. 2935.09 does not mandate prosecution of all offenses charged by affidavit.' * * * 'While R.C. 2935.09 provides that a "private citizen having knowledge of the facts" shall file with a judge, clerk of court, or magistrate an affidavit charging an offense committed in order to cause the arrest or prosecution of the person charged, it must be read *in pari materia* with R.C. 2935.10 which prescribes the subsequent procedure to be followed.' * * *

{¶9}  "Under R.C. 2935.10(A), if the affidavit filed under R.C. 2935.09 charges a felony, the judge, clerk, or magistrate with whom the affidavit is filed must issue a warrant for the arrest of the person charged in the affidavit unless the judge, clerk, or magistrate 'has reason to believe that it was not filed in good faith, or the claim is not meritorious.' '[O]therwise, he shall forthwith refer the matter to the prosecuting attorney or other attorney charged by law with prosecution for investigation prior to the issuance of warrant.' R.C. 2935.10(A). Boylen's affidavits charge various felonies, so R.C. 2935.10(A) requires the clerk to follow the specified procedure."

{¶10} Pursuant to *State v. Boylen*, *supra*, and R.C. §2935.10(A), the trial court referred Appellant's affidavit to the prosecutor's office for an investigation.

{¶11} A trial court is to review a prosecutor's decision on the issue of whether the claims in the affidavit lacked merit and the affidavit was not filed in good faith under

an abuse of discretion standard. *State ex rel. Evans v. Columbus Dept. of Law* (1998), 83 Ohio St.3d 174, 175, 699 N.E.2d 60.

{¶12} "In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140. This Court likewise will review the trial court's decision under the same standard. *In re Slayman,* Licking App. No. 08CA70, 2008-Ohio-6713.

{¶13} A probable cause hearing was held before the trial court on April 23, 2013. Affiant Louis Demis failed to appear at the probable cause hearing. As a result, no evidence was offered in support of the affidavit. The prosecutor presented argument that insufficient evidence existed to support criminal charges.

{¶14} Appellant did not file a transcript of the probable cause hearing with his appeal of the trial court decision. Absent a transcript, this Court will presume regularity of the proceedings in the trial court. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.

{¶15} Upon review, we find the trial court did not abuse its discretion in this matter.

**{¶16}** As such, we overrule Appellant's sole Assignment of Error.

**{¶17}** For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN

JWW/d 1203

IN THE COURT OF APPEALS FOR  STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:                                        :
                                              :
    CHARGING AFFIDAVIT              :            JUDGMENT ENTRY
                                              :
                                              :
    OF LOUIS DEMIS                  :            Case No. 2013 CA 00098

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

Costs assessed to Appellant.

_____
HON. JOHN W. WISE

_____
HON. SHEILA G. FARMER

_____
HON. CRAIG R. BALDWIN