[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cain v. Gee,* Slip Opinion No. 2016-Ohio-7653.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7653

THE STATE EX REL. CAIN, APPELLANT, *v.* GEE, JUDGE, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cain v. Gee,* Slip Opinion No. 2016-Ohio-7653.]

*Mandamus—Writ sought to compel trial judge to grant appellant an appeal as of right in his criminal case—No writ is needed to exercise right to appeal and judge has no duty to grant permission to appeal—Court of appeals' dismissal affirmed.*

(No. 2016-0459—Submitted August 16, 2016—Decided November 9, 2016.)

APPEAL from the Court of Appeals for Miami County, No.15-CA-27.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Second District Court of Appeals dismissing this original action in mandamus. Appellant, Justin L. Cain, filed a petition in the Second District seeking a writ of mandamus against appellees, Judge Christopher Gee and the Miami County Court of Common Pleas. He asked the court of appeals to issue a writ of mandamus ordering Judge Gee to grant him an

appeal as of right in his underlying criminal case and to appoint counsel to represent him in the appeal.

{¶ 2} The court of appeals dismissed the petition because it found that Cain could not prevail on his mandamus claim as a matter of law. The court of appeals dismissed the petition against the court of common pleas for the additional reason that a common pleas court is not sui juris.

{¶ 3} To obtain a writ of mandamus, Cain must show a clear legal right to the requested relief, a clear legal duty on the part of Judge Gee to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Cain must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 4} Cain does not need a writ of mandamus to exercise his right to an appeal, and neither the appellate rules nor any other authority impose a legal duty on Judge Gee to grant him permission to appeal. Moreover, Cain had an adequate remedy by way of appeal of his underlying criminal case, even if his appeal time has now passed. *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.*, 65 Ohio St.3d 348, 350, 603 N.E.2d 1024 (1992), citing *State ex rel. Cartmell v. Dorrian*, 11 Ohio St.3d 177, 178, 464 N.E.2d 556 (1984). And because the underlying case is a criminal case, he could file a motion for delayed appeal under App.R. 5, which is also an adequate remedy. *State ex rel. Ahmed v. Costine*, 103 Ohio St.3d 166, 2004-Ohio-4756, 814 N.E.2d 865, ¶ 5.

{¶ 5} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Justin L. Cain, pro se.

Anthony E. Kendell, Miami County Prosecuting Attorney, and Christopher L. Englert, Chief Civil Assistant Prosecuting Attorney, for appellees.

_____