[Cite as *State ex rel. Brown v. Nusbaum* , 2017-Ohio-797.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, ex rel. | : | |
| Steven S. Brown, | : | |
| | : | |
| Relator, | : | Case No. 16CA3572 |
| | : | |
| v. | : | |
| | : | |
| Judge Nusbaum, | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| Respondent. | : | |
| | : | **RELEASED: 3/06/2017** |
| | : | |

_____

APPEARANCES:

Steven S. Brown, Leavittsburg, Ohio, pro se Relator

James L. Mann and Mark A. Preston, Mann & Preston LLP, Chillicothe, Ohio for Respondent
_____

HARSHA, A.J.,

{¶1}    Relator Steven S. Brown filed a petition for writ of mandamus to compel Respondent Judge Nusbaum to issue a final order in a proceeding in which Brown filed an affidavit charging criminal offenses under R.C. 2935.09 and R.C. 2935.10. However, Brown is not entitled to a writ of mandamus ordering the trial court to enter a final appealable order. The trial court performed its statutory duties when it issued an entry referring the matter to the prosecuting attorney for investigation. We **GRANT** Respondents motion and **DISMISS** Brown's petition.

I.   FACTS

{¶2}    Under the authority of R.C. 2935.09 and R.C. 2935.10, Brown filed an affidavit seeking the arrest of a number persons employed by the Ohio Department of

Corrections, the Ohio Attorney General and Aramark Correctional Services. *See Brown v. Mohr, et al.*, Ross County C.P. No. 14CI0390, (Sept. 4, 2014). The trial court issued a decision and judgment entry that addressed Brown's affidavit and several subsequent motions.  In the entry the trial court referred the matter to the prosecuting attorney for investigation. Subsequently, Brown filed a motion asking the trial court to issue a final order dismissing the procedure. Brown contends that the trial court denied his motion at the September 2016 hearing. Brown filed a subsequent unsuccessful motion for reconsideration.

{¶3}    Then Brown filed a petition for a writ of mandamus against the Honorable Scott W. Nusbaum, the trial court judge, requesting a writ ordering Judge Nusbaum to issue a final order in the statutory proceeding. Brown claims that after Judge Nusbaum referred the matter to the prosecutor, the prosecutor obtained copies of Brown's documents that proved all of his claims.  Brown claims the prosecutor's steps were inadequate and did not constitute an investigation. Brown contends that at a hearing held in September 2016, he asked Judge Nusbaum to issue a final order so that Brown could file an appeal of his R.C. 2935.10 proceeding, but Judge Nusbaum denied the request.

{¶4}    Judge Nusbaum filed a motion to dismiss the mandamus petition. He claims that he fulfilled his statutory duties under R.C. 2935.10 when he issued his January 2015 entry referring the matter to the prosecutor for investigation. Judge Nusbaum contends he has no legal duty to issue a final order dismissing the case.  He also argues that Brown has no right to appeal the trial court's decision referring the matter to the prosecutor and that Brown has an alternative remedy for pursuing his grievances with the prosecutor and has exercised this remedy when he filed his

complaint to remove the prosecutor for neglect and misconduct in *Brown v. Schmidt*,

Ross Co. C.P. No. 15CI446 filed Oct. 5, 2015.

**{¶5}**    Brown filed a response arguing that he can appeal the prosecutor's refusal

to prosecute a complaint when the failure to do so is an abuse of discretion. He also

argues that the trial court has a duty to review the prosecutor's decision that his affidavit

lacked merit and the appellate court, in turn, reviews the trial court's decision under an

abuse of discretion standard. He contends that without a final order dismissing the

proceeding, he cannot appeal the prosecutor's determination that his affidavit lacks

merit.

## II.  Civ.R. 12(B)(6) Requirements

**{¶6}**    "A motion to dismiss for failure to state a claim upon which relief can be

granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v.*

*Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992); *see*

*also State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931

N.E.2d 110, ¶ 6 (A court can dismiss a mandamus action under Civ.R .12(B)(6)). A

court may not grant a motion to dismiss for failure to state a claim upon which relief may

be granted unless it appears "beyond doubt from the complaint that the plaintiff can

prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants*

*Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus; see also *Taylor v.*

*London*, 88 Ohio St.3d 137, 139, 723 N.E.2d 1089 (2000). Furthermore, when

considering a Civ.R. 12(B)(6) motion the trial court must review only the complaint,

accepting all factual allegations as true and making every reasonable inference in favor

of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532

N.E.2d 753 (1988); *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617, 662

N.E.2d 1098 (10th Dist.1995); see also *JNS Ents., Inc. v. Sturgell*, 4th Dist. Ross No.

05CA2814, 2005–Ohio–3200, ¶ 8. The court, however, need not presume the truth of

legal conclusions that are unsupported by factual allegations. *McGlone v. Grimshaw*, 86

Ohio App.3d 279, 285, 620 N.E.2d 935 (4th Dist.1993), citing *Mitchell* at 193, 532

N.E.2d 753.

### III. Petition for Writ of Mandamus

**{¶7}**    Mandamus actions are governed by Ohio Revised Code Chapter 2731. A

mandamus is a writ to enforce performance of a specific act by a public official or

agency and will only be issued where there is a clear legal duty to act. A writ of

mandamus is not available when there is a plain and adequate remedy in the ordinary

course of law. *See* R.C. 2731.05.  To be entitled a writ of mandamus the relator must

show that: (1) the relator has a clear legal right to the relief prayed for; (2) respondents

are under a clear legal duty to perform the acts; and (3) relator has no plain and

adequate remedy in the ordinary course of law. *See State ex rel. Boardwalk Shopping*

*Ctr., Inc. v. Ct. Apps. for Cuyahoga Cty.*, 56 Ohio St.3d 33, 34, 564 N.E.2d 86, 87

(1990); *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978).

Moreover, a petitioner must prove entitlement to the writ by clear and convincing

evidence. *State ex rel. Cain v. Gee*, 147 Ohio St.3d 477, 2016-Ohio-7653, 67 N.E.3d

768, ¶ 3.

**{¶8}**    A mandamus petition can be used to compel a judge to issue an entry that

constitutes a final appealable order. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d

124, 2010-Ohio-2671, 931 N.E.2d 110, ¶¶ 32-33.

> Although procedendo is the more appropriate remedy, "mandamus will lie
> when a trial court has refused to render, or unduly delayed rendering, a
> judgment." * * *

> We have consistently held that " '[i]f the trial court refuses upon request or motion to journalize its decision, either party may compel the court to act by filing a writ of mandamus or a writ of procedendo' " because '[a]bsent journalization of the judgment, [a party] cannot appeal it."

*Id.*

**{¶9}** Brown seeks a writ of mandamus that "respectfully asks that this court order a final order or order Judge Neusbaum [sic] to do it and charge costs to him." Brown contends that both Crim.R. 3 and Civ.R. 58 impose a duty on the trial court to issue a final dismissal order. However, the civil or criminal rules of procedure are not applicable to proceedings under R.C. 2935.10. *State ex rel. Boylen v. Harmon,* 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934 (In mandamus action where relator sought to compel prosecutor to pursue criminal action, court held that the R.C. 2935.10 proceedings are governed by that statute; criminal rules of procedure apply only after the prosecutor files a valid criminal complaint). Thus, neither Crim.R. 3 nor Civ.R. 58 impose a duty on Judge Nusbaum to issue a final dismissal entry in the underlying R.C. 2935.10 proceeding.

**{¶10}** R.C. 2935.10 "affords the reviewing official only two options: 1) issue a warrant or 2) refer the matter to the prosecutor for investigation if there is a belief that the affidavit lacks a meritorious claim." *State ex rel. Brown v. Jeffries,* 4th Dist. Ross No. 11CA3275, 2012-Ohio-1522, ¶ 9. After a trial court refers the matter to the prosecutor, there are no additional requirements in R.C. 2935.10 that impose further duties upon the trial court.

**{¶11}** Brown cites to *In re Charging Affidavit of Demis*, 5th Dist Stark No. 2013CA98, 2013-Ohio-5520 and *In re Slayman,* 5th Dist. Licking No. 08CA70, 2008-Ohio-6713 to support his argument that the trial court must review the prosecutor's

decision not to pursue criminal charges. Brown essentially argues he is entitled to a probable cause hearing under Crim.R. 5. However, in *In re Slayman* the prosecutor reviewed the affidavit and supporting materials and determined that they lacked merit and were not made in good faith.  The affiant filed a motion requesting a probable cause hearing and the trial court denied it. The affiant appealed the trial court's denial. The appellate court held that there was no obligation to hold a probable cause hearing because the criminal rules of procedure were not applicable to R.C. 2935.10 proceedings. *Id.* at ¶ 21. The appellate court stated that its prior decision finding that an affiant was entitled to independent review by trial court on probable cause was issued prior to the Supreme Court of Ohio's decision in *State ex rel. Boylen v. Harmon, supra.*

{¶12}  In *In re Charging Affidavit of Demis, supra,* the trial court conducted a probable cause hearing on an affidavit filed under R.C. 2935.09. Based on the information presented at the hearing the trial court filed a judgment entry declining to find probable cause.  Demis appealed the order. The Fifth District Court of Appeals stated that "a trial court is to review a prosecutor's decision on the issue of whether the claims in the affidavit lacked merit and the affidavit was not filed in good faith under an abuse of discretion standard." *Demis* at ¶21.  However, the probable cause hearing in *Demis* appeared to be voluntarily initiated by the court and prosecutor. There is nothing in the record that indicates Demis requested it. He failed to attend. *Demis* at ¶ 23. In making its statement that a trial court reviews the prosecutor's decision, the court cited to no statutory provision in R.C. 2935.10 that requires a trial court to conduct a probable cause hearing. Instead, the appellate court cited as support *State ex rel. Evans v. Columbus Dept. of Law*, 83 Ohio St.3d 174, 175, 699 N.E.2d 60 (1998).

{¶13}  *State ex rel. Evans* involved a mandamus action filed against the

prosecutor after the prosecutor declined to pursue a matter under R.C. 2935.10. The Court held that a prosecutor cannot be compelled to prosecute by a writ of mandamus unless the relator alleges in the mandamus petition that the prosecutor's failure to prosecute was an abuse of discretion:

> R.C. 2935.10 does not place any duty upon city prosecutors to prosecute misdemeanors charged by affidavit filed under R.C. 2935.09. In addition, a prosecuting attorney will not be compelled to prosecute except when the failure to do so constitutes an abuse of discretion. * * * Evans did not allege sufficient facts in his complaint evidencing that the city prosecutor abused her discretion by determining that the charges lacked probable cause. *See State ex rel. Murr v. Meyer* (1987), 34 Ohio St.3d 46, 47, 516 N.E.2d 234, 235, affirming the dismissal of a similar mandamus claim.

*State ex rel. Evans* at 175.

**{¶14}** There is nothing in the decision in *Evans* that requires a trial court to conduct a probable cause hearing under Crim.R. 5 in R.C. 2935.10 proceedings. The Court's holding in *State ex rel. Boylen v. Harmon, supra,* states that the statute governs the proceedings, not the criminal rules of procedure. And, more recently, the Court held that R.C. 2935.10 does not require a prosecutor to conduct an independent investigation and instead may reasonably rely on the investigative efforts of law-enforcement officials to satisfy the statutory obligations under R.C. 2953.10. *See State ex rel. Bunting v. Styer*, 147 Ohio St.3d 462, 2016-Ohio-5781, 67 N.E.3d 755, ¶17.

**{¶15}** We find nothing in R.C. 2935.10 that requires the trial court to conduct a probable cause hearing or to review a prosecutor's decision not to pursue criminal charges. Because the trial court is under no obligation to hold a hearing or review the prosecutor's decision, the court is likewise under no duty to issue a final order arising from such review. Brown is not entitled to a writ of mandamus because Judge Nusbaum has no clear legal duty to issue a final order dismissing the R.C. 2935.10 proceeding.

<u>Conclusion</u>

**{¶16}** Brown has not established that he is entitled to a writ of mandamus compelling the respondent to issue a final order. We **GRANT** respondent's motion to dismiss, **DENY** the writ, and **DISMISS** the action.

**{¶17}** The clerk shall serve a copy of this order on all counsel of record by ordinary mail  and any unrepresented parties at their last known addresses by certified mail.

**{¶18}  RESPONDENT'S MOTION GRANTED. WRIT DENIED. PETITION DISMISSED. COSTS TO RELATOR. IT IS SO ORDERED.**

Abele, J. & Hoover, J.:  Concur.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge

**NOTICE**

**This document constitutes a final judgment entry and the time period for appeal commences from the date of filing with the clerk.**

**Pursuant to Civ.R. 58(B), the clerk is ORDERED to serve notice of the judgment and its date of entry upon the journal on all parties who are not in default for failure to appear.  Within three (3) days after journalization of this entry, the clerk is required to serve notice of the judgment pursuant to Civ.R. 5(B), and shall note the service in the appearance docket and indicate the names and addresses of the parties it is serving, the method of service, and the costs associated with the service.**