[Cite as *State ex rel. Russell v. Yost*, 2022-Ohio-4778.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Mark R. Russell, | : | |
| Relator, | : | |
| v. | : | No. 21AP-603 |
| [Dave] Yost, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on December 29, 2022

---

**On brief:** *Mark R. Russell*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Mark W. Altier,* for respondent.

---

IN MANDAMUS ON
RESPONDENT'S MOTION TO DISMISS

JAMISON, J.

{¶ 1} Relator, Mark R. Russell, brings this original action seeking a writ of mandamus ordering respondent, David Yost, Ohio Attorney General ("OAG"), to identify individuals employed by the Ohio Department of Rehabilitation and Corrections ("ODRC"), who were involved in discussions regarding settlement of a lawsuit.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Relator is a prisoner incarcerated at London Correctional Institution.

{¶ 3} Respondent is an elected official serving as Attorney General of the State of Ohio.

{¶ 4} According to relator's complaint, relator was involved in an altercation with ODRC staff in 2016. In 2018, relator filed an action against ODRC in the Court of Claims

of Ohio, alleging excessive force, and subsequently settled the matter after negotiations between the parties.

{¶ 5} According to relator's complaint, on July 6, 2021, relator sent a letter to respondent requesting the name of the person in charge of the negotiations for ODRC in his court of claims case, but respondent did not provide the information. On July 26, 2021, relator sent another letter to respondent with the same request.

{¶ 6} According to relator's complaint, on August 18, 2021, relator received a response from respondent, who claimed the information relator requested was privileged.

{¶ 7} On November 18, 2021, relator filed a petition for writ of mandamus against respondent, alleging he has a right to know the name of the person that was making the settlement decisions on behalf of ODRC in his case.

{¶ 8} On December 8, 2021, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6). Relator filed a reply to respondent's motion on December 17, 2021. On March 17, 2022, the assigned magistrate issued a decision recommending that respondent's motion to dismiss be granted. On March 24, 2022, relator filed objections to the magistrate's decision.

## II. STANDARD OF REVIEW

{¶ 9} The purpose of a writ of mandamus is to "compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station." *State ex rel. Timson v. Shoemaker,* 10th Dist. No. 02AP-1037, 2003-Ohio-4703, ¶ 16, quoting *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). In order to be entitled to a writ of mandamus, relator must demonstrate: "(1) * * * a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *Id.*

{¶ 10} Relator must establish an entitlement to extraordinary relief by clear and convincing evidence. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 57. Clear and convincing evidence is "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State ex*

*rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 11} Pursuant to Civ.R. 53(D)(4)(d): "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Relator has interposed objections to the magistrate's decision.

{¶ 12} We review dismissals pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. Therefore, we must independently review the record to ascertain whether "the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Relator has not objected to the magistrate's findings of fact, and we hereby adopt the findings of fact in their entirety as our own.

## III. LEGAL ANALYSIS

{¶ 13} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Brown v. Nusbaum*, 4th Dist. No. 16CA3572, 2017-Ohio-797, ¶ 6, quoting *State ex rel Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). A court may not grant a motion to dismiss for failure to state a claim upon which relief may be granted unless it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. *See also Taylor v. London*, 88 Ohio St.3d 137, 139 (2000). When considering a Civ.R. 12(B)(6) motion, we presume all factual allegations are true and make every reasonable inference in the nonmoving party's favor. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988); *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617 (10th Dist.1995). "Furthermore, unsupported legal conclusions are not considered admitted when determining whether to grant extraordinary relief and are insufficient to withstand a motion to dismiss." *State ex rel. Bell v. Pfeiffer*, 10th Dist. No. 10AP-490, 2011-Ohio-2539, ¶ 13.

{¶ 14} For a writ to issue, "the right to relief must be clear." *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 25. Relator objects to the magistrate's

conclusions of law and contends he has the right to know the name of the individual. Other than baseless and self-serving statements, relator has not met his burden to establish entitlement to the requested information. *State ex rel. Colvin v. Brunner*, 120 Ohio St.3d 110, 2008-Ohio-5041. Relator has not offered any legal support that favors granting a writ of mandamus in these circumstances.

{¶ 15} Relator simply cannot establish a clear legal right to receive the name of ODRC individuals involved in settlement negotiations, nor can he produce a legal duty for the OAG to disclose such information. Relator's claim falters at the first factor for a writ of mandamus. The right to relief is simply not clear.

## IV. CONCLUSION

{¶ 16} Relator has not established that he is entitled to a writ of mandamus. We grant respondent's motion to dismiss, deny the writ, and dismiss the action.

*Action dismissed.*
.

KLATT and McGRATH, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| State ex rel. Mark R. Russell, | : | | |
| Relator, | : | | |
| v. | : | No. 21AP-603 | |
| [Dave] Yost, | : | (REGULAR CALENDAR) | |
| Respondent. | : | | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 17, 2022

*Mark R. Russell,* pro se.

*Dave Yost,* Attorney General, *Mark W. Altier,* for respondent.

IN MANDAMUS ON
RESPONDENT'S MOTION TO DISMISS

{¶ 17} Relator, Mark R. Russell, has filed this original action seeking a writ of mandamus against respondent, Dave Yost, Ohio Attorney General, directing respondent to identify the person or persons employed by the Ohio Department of Rehabilitation and Correction ("ODRC") with whom assistant attorneys general engaged in discussions regarding a potential settlement of the claims brought by relator in a legal action against ODRC. Respondent has filed a December 8, 2021, motion to dismiss relator's complaint.

Findings of Fact:

{¶ 18} 1. Respondent is an elected official serving as Attorney General of the State of Ohio.

{¶ 19} 2. Relator is a prisoner incarcerated at London Correctional Institution.

{¶ 20} 3. According to relator's complaint, relator was involved in an altercation with ODRC staff in 2016. In 2018, he filed an action against ODRC in the Court of Claims of Ohio, alleging excessive force, and subsequently settled the matter after negotiations between the parties.

{¶ 21} 4. According to relator's complaint, relator sent on July 6, 2021, a letter to respondent requesting the name of the person in charge of the negotiations for ODRC in his court of claims case, but ODRC did not provide the information. On July 26, 2021, relator sent another letter to respondent with the same request.

{¶ 22} 5. According to relator's complaint, on August 18, 2021, relator received a response from respondent, who claimed the information relator requested was privileged.

{¶ 23} 6. On November 18, 2021, relator filed a petition for writ of mandamus against respondent, alleging he has a right to know the name of the person that was making the settlement decisions on behalf of ODRC in his case.

{¶ 24} 7. On December 8, 2021, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6).

Conclusions of Law:

{¶ 25} For the reasons that follow, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's complaint for writ of mandamus.

{¶ 26} A court may dismiss a complaint seeking a writ of mandamus pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all

reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 27} The Supreme Court of Ohio has set forth three requirements that must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 28} In the present matter, relator requests a writ of mandamus against respondent, seeking the identity of the person or persons employed by ODRC with whom assistant attorneys general engaged in discussions regarding a potential settlement of the claims brought by relator in the court of claims case against ODRC.

{¶ 29} However, even after all factual allegations in relator's complaint are presumed true and all reasonable inferences are made in relator's favor, it is beyond doubt that relator could prove no set of facts entitling him to a writ of mandamus on this basis. In neither relator's complaint nor in his reply to respondent's motion to dismiss does relator cite any legal authority or rely upon any legal theory for the proposition that he has a clear legal right to the names of the persons with whom assistant attorneys general discussed his settlement negotiations or that respondent has a legal duty to provide such names. Relator relies only upon his unsupported statement that he is legally entitled to

this information, which is insufficient to withstand respondent's Civ.R. 12(B)(6) motion. *Allstate Ins. Co. v. Electrolux Home Prods.*, 8th Dist. No. 97065, 2012-Ohio-90, ¶ 15 (plaintiff's unsupported legal conclusions in its complaint cannot survive a Civ.R. 12(B)(6) motion to dismiss). *See also State ex rel. Duncan v. Am. Transm. Sys.*, ___ Ohio St.3d ___, 2022-Ohio-323, ¶ 10, quoting *State ex rel. Martre v. Reed*, 161 Ohio St.3d 281, 2020-Ohio-4777, ¶ 12 (unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss); *Becker v. Cardinal Health, Inc.*, 10th Dist. No. 20AP-424, 2021-Ohio-3804, ¶ 13, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.) (a court need not accept as true unsupported legal conclusions in a complaint when deciding a Civ.R. 12(B)(6) motion to dismiss). Although the failure to rely upon a particular legal theory is not fatal to relator's complaint because "a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory[,]" *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667 (1995), the magistrate finds relator has failed to establish he has a right to the information requested under any viable legal theory.

{¶ 30} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii),

unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).