[Cite as *State ex rel. Green v. Cosgrove*, 2024-Ohio-1353.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO EX REL. DAVID LEE GREEN

    Relator

    v.

PATRICIA A. COSGROVE

    Respondent

C.A. No.    30650

ORIGINAL ACTION IN MANDAMUS

Dated: April 10, 2024

PER CURIAM.

{¶1} Relator, David Lee Green, has filed a complaint seeking a writ of mandamus asking this Court to order Respondent, Judge Patricia Cosgrove, to correct his sentence. Respondent has moved to dismiss. This Court previously dismissed this case for failure to comply with the mandatory requirements of R.C. 2969.25. After Mr. Green moved to vacate, this Court granted the motion and reinstated the case. Upon consideration of Judge Cosgrove's motion to dismiss and Mr. Green's response, this Court grants the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss pursuant to Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle the relator to

the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to the facts of the complaint.

{¶3} Mr. Green has alleged in his complaint that Judge Cosgrove sentenced him improperly. According to the complaint, Judge Cosgrove sentenced Mr. Green to ten years in prison and to an additional term pursuant to a repeat violent offender specification. Mr. Green contends that because Judge Cosgrove only sentenced him to ten years, rather than the maximum penalty of eleven years, Mr. Green could not also be sentenced as a repeat violent offender. Mr. Green further argues that the sentencing entry does not cite to R.C. 2929.14(C)(4) so the imposition of consecutive sentences is contrary to law. In his prayer for relief, however, Mr. Green only sought the writ because the application of the repeat violent offender specification was improper.

{¶4} Judge Cosgrove moved to dismiss. She referred to and attached decisions to her motion that were not included in Mr. Green's complaint. When reviewing a motion to dismiss, courts typically cannot rely on evidence or allegations outside the complaint to decide the motion. *Summit Cnty. Children Services v. Stucki*, 9th Dist. Summit No. 29911, 2021-Ohio-4584, ¶ 3. While there are exceptions to this general rule, none of them apply here so, for purposes of resolving the motion to dismiss, we will not consider this information.

{¶5} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements for this Court to grant the writ of mandamus.

{¶6}     Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), the complaint does not state a claim for mandamus upon which relief can be granted.  Mr. Green has not argued that his sentence is void, an argument we would be required to reject pursuant to *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 33-34.  *See, e.g., State v. Green*, 9th Dist. Summit No. 29770, 2021-Ohio-2912, ¶ 5.  Instead, the complaint asserts that Judge Cosgrove erred in imposing sentence.

{¶7}     The question before us is whether mandamus relief is available to correct an alleged error in Mr. Green's sentence.  We conclude it is not.

{¶8}     Mr. Green had a right to appeal the sentence imposed by Judge Cosgrove.  The Supreme Court has held "that a direct appeal from a judgment of conviction constitutes an adequate remedy in the ordinary course of law that precludes extraordinary-writ relief from sentencing errors."  *State ex rel. Cherry v. Breaux*, 169 Ohio St.3d 376, 2022-Ohio-1885, ¶ 11.  Mr. Green had an adequate remedy even if his appeal time has now passed.  *State ex rel. Cain v. Gee*, 147 Ohio St.3d 477, 2016-Ohio-7653, ¶ 4.

{¶9}     This Court has reviewed the complaint, considered all of the factual allegations as true, and made all reasonable inferences in favor of Mr. Green.  Upon review, this Court concludes that it appears beyond doubt that Mr. Green can prove no set of facts that would entitle him to the relief he requested.  Mr. Green had an adequate remedy at law by way of appeal to raise his claims of trial court error.  Because he had an adequate remedy, he is not entitled to the writ of mandamus, and the motion to dismiss must be granted.

{¶10} This case is dismissed. Costs are taxed to Mr. Green. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

JENNIFER L. HENSAL
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

DAVID LEE GREEN, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and MARRETT W. HANNA, Assistant Prosecuting Attorney, for Respondent.